UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-21028-CIV-DIMITROULEAS/D'ANGELO

UNITED OF OMAHA LIFE
INSURANCE COMPANY,

    Plaintiff,

vs.

JESSICA SZIRANYI,
KATHERINE SULLIVAN,
and SUZANNE MASSIALAS,

    Defendants.
_____/

## REPORT AND RECOMMENDATION DENYING PLAINTIFF'S MOTION FOR ENTITLEMENT TO ATTORNEY'S FEES

**THIS CAUSE** is before the Court on Plaintiff United of Omaha Life Insurance Company's Partially Unopposed Motion for Leave to Deposit Funds, Discharge and Attorney's Fees filed on June 6, 2025 (DE 18).[1] *Pro se* Defendant Katherine Sullivan responded in opposition on June 10, 2025 (DE 20), and Plaintiff replied on June 17, 2025 (DE 21). Having considered the Parties' arguments, the relevant legal authorities, and the pertinent portions of the record, and being otherwise fully advised in the premises, for the reasons stated below, it is respectfully recommended that Plaintiff's Motion for Leave to Deposit Funds, Discharge and Attorney's Fees be **DENIED** as to Plaintiff's entitlement to attorney's fees and costs.

---

[1] On June 18, 2025, this Motion was referred to the undersigned Magistrate Judge for appropriate disposition or Report and Recommendation (DE 23).

I.  **PROCEDURAL BACKGROUND**

This is an interpleader action by an insurance company, seeking a determination as to the proper disposition of funds from a life insurance policy. Plaintiff issued a Basic Life Policy with elected life benefits, Policy Number GLUG-AQ9T, to the School Board of Broward County, Florida, providing insurance benefits to the Board's employees (DE 1 ¶¶ 8, 10). The Decedent, a former Board employee, passed away on January 18, 2025 (*id.* ¶¶ 12, 15). Since the Decedent's passing, Plaintiff received competing claims for the Policy's benefits from Decedent's daughter, fiancée, and sister (*id.* ¶¶ 2-4, 17). On March 5, 2025, Plaintiff filed the instant action, requesting that the Court adjudicate Defendants' dueling claims to the Policy's benefits while discharging Plaintiff from all liability (*id.* at 5-6).

On June 6, 2025, Plaintiff filed its Partially Unopposed Motion for Leave to Deposit Funds, Discharge and Attorney's Fees (DE 18). Plaintiff moved for an order granting its motion for leave to deposit the Policy's funds into the Court's registry and enter judgment in Plaintiff's favor, which was unopposed (*id.* at 1). However, Plaintiff also requested attorney's fees due to initiating this action, which Defendant Sullivan opposes (*id.* at 9-10). According to Plaintiff, Defendants Sziranyi and Massialas "have withdrawn their . . . objections" and "do not oppose" Plaintiff's entitlement to attorney's fees (DE 21 at 2). On June 18, 2025, the Court granted in-part Plaintiff's Motion for Leave to Deposit Funds, Discharge and Attorney's Fees and allowed Plaintiff to deposit the funds from the Policy in this Court's registry, required Defendants to assert their contesting claims, enjoined Defendants from bringing any action against Plaintiff related to the Policy, and dismissed Plaintiff with prejudice (DE 22 at 1-2). The June 18, 2025 Order specifically left Plaintiff's request for attorney's fees and costs outstanding.

Plaintiff explains that "in a further effort to avoid additional incurrence of attorney's fees, it seeks only a determination as to its entitlement to recover its attorneys' fees and costs" while

2

reserving its rights to comply with Local Rule 7.3 "should this Court determine that compliance is necessary" (DE 18 at 7 n.2). Federal Rule of Civil Procedure 54 explains, "The court may decide issues of liability for fees before receiving submissions on the value of services." Fed. R. Civ. P. 54(d)(2)(c). Local Rule 7.3(a) also allows the Parties to bifurcate the issue of entitlement of fees from the amount of fees sought. *See* S.D. Fla. L. R. 7.3(a)(8) (explaining that a "Motion [for attorney's fees] shall: certify that a good faith effort to resolve issues by agreement occurred pursuant to Local Rule 7.3(b), describing what was and was not resolved by agreement and addressing separately the issues of entitlement to fees and amount").

## II. LEGAL STANDARD

"Interpleader is the means by which an innocent stakeholder, who typically claims no interest in an asset and does not know the asset's rightful owner, avoids multiple liability by asking the court to determine the asset's rightful owner." *In re Mandalay Shores Co-op. Hous. Ass'n, Inc.*, 21 F.3d 380, 383 (11th Cir. 1994). "Attorneys' fees are justified in many interpleader actions for several reasons." *Id.* "First, an interpleader action often yields a cost-efficient resolution of a dispute in a single forum, rather than multiplicitous, piecemeal litigation." *Id.* "Second, the stakeholder in the asset often comes by the asset innocently and in no way provokes the dispute among the claimants. Third, fees for the stakeholder typically are quite minor and therefore do not greatly diminish the value of the asset." *Id.* "'In certain circumstances, however, courts have determined that attorneys' fees are not warranted[,] ... [such as] when a stakeholder's interpleader claim arises out of the normal course of business.'" *John Hancock Life Ins. Co. v. Friedman*, No. 20-CIV-82164, 2021 WL 5094743, at *1 (S.D. Fla. May 7, 2021) (quoting *In re Mandalay Shores*, 21 F.3d at 383). "This is often the case with an insurance company stakeholder, which avails itself of interpleader to resolve disputed claims to insurance proceeds—disputes that arise with some modicum of regularity." *Id.* (citation and quotation omitted). "As the costs of these occasional

interpleader actions are foreseeable, the insurance company easily may allocate the costs of these suits to its customers." *United of Omaha Life Ins. Co., v. Mobley*, No. 24-CIV-734, 2024 WL 3860352, at *2 (M.D. Fla. Aug. 19, 2024) (citation omitted).

### III. DISCUSSION

In its Motion, Plaintiff explains that it incurred more than seven thousand dollars in attorney's fees by drafting and filing this action, perfecting service, communicating with the parties, paying the filing fee, and responding to a subpoena served by Defendant Massialas (DE 18 at 8). Plaintiff explains that it advised Defendants that if they were unable to agree on allocating the Policy's benefits, it would pursue an interpleader action and seek attorney's fees and costs, which would be deducted from the Policy's benefits (*id.*). As an "innocent stakeholder," Plaintiff claims it should not bear the cost of Defendants' dispute (*id.*). In opposition, Defendant Sullivan argues that the United States Court of Appeals for the Eleventh Circuit has held an interpleader is not entitled to attorney's fees when the interpleader's claim arises out of the normal course of business (DE 20 at 2). In support of her position, Defendant Sullivan contends that Plaintiff's claim "was well within the normal course of their business as an insurance company" (*id.* at 3). Plaintiff counters that it is not Plaintiff's normal business to determine "the validity of a Designation of Beneficiary Form and/or the Decedent's capacity/competency when the Decedent executes the Form" (DE 21 at 4).

"A disinterested stakeholder initiating a necessary interpleader action may receive attorney's fees and costs, within the Court's discretion, unless the claim arises out of the normal course of the plaintiff's business." *Brighthouse Life Ins. Co. v. Fenelon*, No. 23-CIV-14328, 2024 WL 5266805, at *3 (S.D. Fla. Apr. 11, 2024). The Eleventh Circuit's leading decision setting forth these principles, *In re Mandalay Shores*, involved an interpleader in a bankruptcy action, where a savings bank sought appellate review of the denial of its right to attorney's fees as an

4

innocent stakeholder. 21 F.3d at 381. The Eleventh Circuit explained that attorney's fees are not warranted when the interpleader's claim arises "out of the normal course of business." *Id.* at 383. The Court stated, "[T]he normal-course-of-business standard is simple: an insurance company, for example, avails itself of interpleader to resolve disputed claims to insurance proceeds—disputes that arise with some modicum of regularity." *Id.* The Court reasoned that a party utilizing interpleader as a routine part of its business "can plan for interpleader as a regular cost of business and, therefore, is undeserving of a fee award." *Id.* Thus, the case was remanded to the bankruptcy court to reconsider the savings bank's motion for attorney's fees. *Id.* at 383-84.

Plaintiff contends that this interpleader action is distinguishable from *In re Mandalay Shores*, because it did not receive or hold the beneficiary forms under the Policy (DE 21 at 4). Even though Plaintiff does not compile or determine the validity of beneficiary forms, that in no way contravenes Plaintiff's routine function of distributing policy benefits. Indeed, as a regular business function, Plaintiff may receive competing claims to policy benefits, and Plaintiff may have to file interpleader actions to have the Court determine how those benefits should be distributed. Plaintiff's attempt to characterize the claim here so narrowly is unavailing. This exception is geared at businesses in which these disputes arise in the normal course, because they are foreseeable and can be offset through cost allocation. Contrary to its arguments, Plaintiff fails to show that this interpleader action is outside its normal course of business. *See Unum Life Ins. Co. of Am. v. Smith*, No. 17-CIV-489, 2018 WL 1977257, at *5 n.5 (M.D. Ala. Mar. 28, 2018), *report and recommendation adopted*, No. 17-CIV-489, 2018 WL 1973278 (M.D. Ala. Apr. 26, 2018) (denying attorney's fees and costs where "there are no circumstances present which suggest this case is anything other than a routine dispute for life insurance proceeds."); *Campbell v. N. Am. Co. for Life & Health Ins.*, No. 04-CV-1118, 2007 WL 2209249, at *7 (M.D. Fla. July 30, 2007)

5

("The Court finds no evidence that the instant matter is unique among matters routinely handled by North American, or is otherwise not in its normal course of business."); *Sun Life Assurance Co. of Canada v. McElroy*, No. 10-CIV-488, 2010 WL 11615016, at *2 (N.D. Ala. June 3, 2010) (rejecting a motion to award attorney's fees as "[d]isputed claims to policy proceeds are a part of the regular course of business for insurers").

Additionally, Plaintiff asserts that it is entitled to attorney's fees, because it warned Defendants of its intention to seek attorney's fees after filing an interpleader action if they could not resolve the dispute among themselves (DE 21 at 5). But, the normal course of business exception to an interpleader's ability to recover attorney's fees does not hinge on whether a plaintiff provides the defendants with notice of its intention to seek fees. Nor does it require litigants to settle a dispute to insurance proceeds to avoid having those funds diminished by the insurance company's cost to file a routine interpleader action. *See Mobley*, 2024 WL 3860352, at *3 ("While the Court is mindful of the time and effort Plaintiff has expended in attempting to have Defendants resolve this case amongst themselves, there is no evidence that the instant matter is unique among matters routinely handled by Plaintiff or is otherwise not in Plaintiff's normal course of business."). Indeed, the relatively small amount of fees Plaintiff claims, less than 3% of the Policy's funds, suggests that Plaintiff is familiar with the mechanics of interpleader in litigation and can allocate those costs as part of its business (DE 21 at 6).

Courts in this District routinely decline to award insurance companies attorney's fees since benefits distribution is a part of an insurance company's normal course of business. *See e.g.*, *Lincoln Nat'l Life Ins. Co. v. Root*, No. 17-CIV-80689, 2017 WL 11631958, at *7 (S.D. Fla. Dec. 5, 2017) (declining to award attorney's fees to an insurance company in an interpleader action as it failed to demonstrate why an interpleader action for a dispute regarding life insurance proceeds

was "not one that normally arises in the life insurance business"); *State Farm Life Ins. Co. v. Mangan*, No. 09-61722-CIV, 2010 WL 3835012, at *4 (S.D. Fla. Sept. 30, 2010) (denying a motion for attorney's fees in an interpleader action as "this interpleader action arose in the normal course of State Farm's business"); *Brighthouse Life*, 2024 WL 5266805, at *4 (rejecting a motion to award attorney's fees as "the initiation of an interpleader action and the filing of an interpleader complaint occurred within the normal course of Brighthouse's business as an insurance company"). As one court noted, "[T]he majority of district court cases in the Eleventh Circuit disfavor the award of attorney's fees in interpleader lawsuits involving insurance companies and disputed proceeds." *Unum Life Ins. Co. of Am.*, 2018 WL 1977257, at *4. In short, Plaintiff has not set forth why this claim does not arise in the normal course of its business and why the Court, in its discretion, should award attorney's fees and costs in these circumstances.

Plaintiff relies on three cases to support its position, all of which are distinguishable. For example, in *Pacific Life Ins. Co. v. Perez*, the Court did not address why the plaintiff was entitled to attorney's fees in the interpleader action but rather, discussed the loadstar method for calculating the reasonableness of the attorney's fees. No. 20-CIV-485, 2021 WL 8825380, at *1-2 (M.D. Fla. Apr. 16, 2021). Similarly, in *Primerica Life Ins. Co. v. Walden*, the court initially denied a motion for attorney's fees and costs that lacked evidentiary support. 170 F. Supp. 2d 1195, 1197 (S.D. Ala. 2001). On reconsideration, the court evaluated the motion for attorney's fees with the proper evidentiary support. *Id.* Importantly, the only objection to the request for fees was that the amount of fees was excessive. *Id.* at 1199. Plaintiff's reliance on *Kawasaki Kisen Kaisha, Ltd. v. All City Used Auto Parts, Inc.* is also mistaken, as that case was remanded to the district court after finding that the attorney's fees dispute was governed by admiralty law. 306 F. App'x 480, 482 (11th Cir. 2009). On remand, the Eleventh Circuit instructed the district court to consider the plaintiff's

request for attorney's fees under the *In re Mandalay Shores* standard. *Id.* After all, none of these cases persuade the Court that it should depart from the great weight of authority in the Eleventh Circuit that counsels against exercising the Court's discretion to award attorney's fees and costs to Plaintiff in an action such as this one.

### IV. <u>CONCLUSION</u>

Based on the foregoing, it is respectfully recommended that Plaintiff's Motion for Leave to Deposit Funds, Discharge and Attorney's Fees (DE 18) be **DENIED** as to Plaintiff's entitlement to attorney's fees and costs.

### V. <u>OBJECTIONS</u>

The Parties will have fourteen (14) days from this Report and Recommendations to file written objections, if any, with the Honorable William P. Dimitrouleas, United States District Judge. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in this Report and shall bar the Parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report, except upon grounds of plain error, if necessary, in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY SUBMITTED** in Chambers in Miami, Florida on this 10th day of September, 2025.

_____
ELLEN F. D'ANGELO
UNITED STATES MAGISTRATE JUDGE

cc:   *Pro se* Defendant Katherine Sullivan
      All Counsel of Record

8